

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY and AMERICAN
MOTORISTS INSURANCE COMPANY,

               Plaintiffs,               CV-05-5155 (SJF)(AKT)

-against-

PAYTON LANE NURSING HOME, INC.,            **OPINION & ORDER**
PERKINS EASTMAN ARCHITECTS, P.C.,
LINCOLN GENERAL INSURANCE COMPANY,
BENENSON PAYTON LANE PURCHASE LLC,
DAMON G. DOUGLAS COMPANY,
DIAM-N-BLU MECHANICAL CORP.,
INTERNATIONAL TESTING AND BALANCING,
LTD., and BRUCE A. PETERSON, INC.

               Defendants.
----------------------------------------X
LINCOLN GENERAL INSURANCE COMPANY,

               Third-Party Plaintiff,

-against-

SAM KLEIN,

               Third-Party Defendant,
----------------------------------------X
FEUERSTEIN, J.

      Before the Court are (1) joint objections by plaintiffs American Manufacturers Mutual Insurance Company and American Motorists Insurance Company (collectively, "plaintiffs") and defendant Payton Lane Nursing Home, Inc. ("Payton Lane") and (2) objections by defendants Damon G. Douglas Company ("Douglas") and Benenson Payton Lane Purchase, LLC ("Benenson") to a Report and Recommendation of United States Magistrate Judge A. Kathleen

1

Tomlinson dated March 27, 2009 ("the Report") recommending that a decision on plaintiffs' motion pursuant to Rule 55 of the Federal Rules of Civil Procedure for the entry of a default judgment against defendants Benenson, Douglas, Diam-N-Blu Mechanical Corp. ("Diam-N-Blu"), International Testing and Balancing, Ltd. ("ITB") and Bruce A. Peterson, Inc. ("Peterson") (collectively, "the defaulting defendants") be deferred until this case is resolved as against defendants Payton Lane, Perkins Eastman Architects, P.C. ("Perkins") and Lincoln General Insurance Company ("Lincoln") (collectively, "the non-defaulting defendants"). For the reasons stated herein, the objections are sustained, the Report of Magistrate Judge Tomlinson is rejected and plaintiffs' motion is granted in part and denied in part.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not

proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

## II

Plaintiffs and Payton Lane contend that in recommending that the Court should defer the entry of a default judgment against the defaulting defendants, Magistrate Judge Tomlinson "misapprehended the nature of the relief requested against" the defaulting defendants. (Joint Objections [Obj.], ¶ 1). According to plaintiffs and Payton Lane, the only relief sought against the defaulting defendants is entry of judgment foreclosing plaintiffs' mechanic's liens against the real property at issue in this action and the lien discharge bond issued by Lincoln; plaintiffs are not seeking any monetary damages as against the defaulting defendants and, thus, may not be held jointly and severally liable as found by Magistrate Judge Tomlinson.

Douglas objects to the Report on the basis that it did not default in this action, insofar as by letter dated December 18, 2007 it advised counsel for plaintiffs that Douglas had filed a Satisfaction of Mechanic's Lien against the real property on October 16, 2007 and, therefore, did not intend to appear in this action. Benenson objects to the Report on the basis that the Purchase Option Agreement with respect to the real property at issue in this action, upon which plaintiffs seek to foreclose, has expired by its own terms and, thus, Benenson no longer has an interest in the real property. Benenson has executed and delivered to Payton Lane a Termination of Purchase Option, which counsel for Payton Lane has undertaken to file with the Suffolk County Clerk.

Upon *de novo* review of the Report and consideration of all objections thereto, the objections are sustained, the Report is rejected and plaintiff's motion for the entry of a default judgment is granted as against defendants Diam-N-Blu, ITB and Peterson. In light of the parties' stipulation and order dismissing all claims against Benenson and Douglas pursuant to Rule 41(a)(1)(ii), dated May 8, 2009, the branch of plaintiffs' motion seeking a default judgment as against those defendants is denied as moot. The Clerk of the Court is directed to enter the separate judgment dated this same day in accordance with the Order, terminate this action as against Diam-N-Blu, ITB, Peterson, Benenson and Douglas, amend the caption of this action accordingly, and notify all parties, as well as the defaulting defendants at the addresses designated in the judgment, of the entry of this order and the judgment in accordance with Rule 77 (d)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 1*7*, 2009
Central Islip, New York

4