**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY and AMERICAN
MOTORISTS INSURANCE COMPANY,

                           Plaintiffs,

          - against -

PAYTON LANE NURSING HOME, INC.,
PERKINS EASTMAN ARCHITECTS, P.C. and
LINCOLN GENERAL INSURANCE COMPANY,

                           Defendants.
----------------------------------------------------------------X

**ORDER**

CV 05-5155 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiffs American Manufacturers Mutual Insurance Company and American Motorists Insurance Company ("Plaintiffs" or "Sureties") move, *in limine*, to preclude Defendant Payton Lane Nursing Home, Inc. ("Payton Lane") "from introducing any evidence alleging that the Sureties' had a more extensive or different scope of work than was found in this Court's January 11, 2010 Memorandum and Order denying Payton Lane's motion for partial summary judgment. . . ." (the "Summary Judgment Decision"). *See* DE 220 at 1. The Sureties contend that, subsequent to this Court's Summary Judgment Decision, Payton Lane has taken the position that "there is 'no limitation in scope at all' in the work to be performed by the Sureties under the Takeover Agreement. . . ." *Id.* (quoting Payton Lane Pre-Trial Mem. [DE 206] at 12-14). However, the Sureties argue, "[u]nder the law of the case doctrine, the Court's holding as to the scope of the work is binding on the parties[,]" and thus, Payton Lane should be precluded "from presenting any evidence that the scope of the work to be performed by the Sureties was unlimited." DE 220 at 2, 3.

Payton Lane opposes the motion, arguing that this Court, in the Summary Judgment Decision, did not resolve the scope of the Takeover Agreement and determined only that Payton Lane had not shown "that the five CORs that were in issue in that motion were within the scope of the Takeover Agreement." DE 237 at 5. Payton Lane further contends that the Sureties are judicially estopped from asserting, in the instant action, "that the CORs were not their responsibility[,]" because in a previous action[1] they took the contrary position that "all of the payments to E.W. Howell were made to complete plaintiffs' construction obligations. . . ." *Id*. at 3. In support of this judicial estoppel argument, Payton Lane incorporates by reference the Affirmation of Jeffrey G. Stark previously submitted in support of Payton Lane's motion *in limine* [DE 218].[2]

Having thoroughly reviewed my January 11, 2010 Summary Judgment Decision, I direct counsel's attention to the following findings contained in that Order:

- "The Court finds that, by its express terms, the Takeover Agreement limits the scope of the work to that which is specifically defined in it." DE 202 at 24.

- "In sum, the Takeover Agreement limits the scope of the work to be performed by Plaintiffs on the Project to that work which is defined in the Agreement." *Id*. at 27.

Thus, the only finding this Court made with respect to the scope of the Takeover Agreement is that it is "limit[ed] in scope" -- *i.e.*, there exists some constraint as to the work it encompasses. Significantly, *no* findings were made with respect to the precise definition of such scope or the

---

[1] A discussion of this previous action is set forth in this Court's February 22, 2010 Order denying Payton Lane's motion *in limine*. *See* DE 255.

[2] Payton Lane's judicial estoppel arguments and the Stark Affirmation were considered by this Court in the context of Payton Lane's motion *in limine* and need not be addressed further here.

parameters of the limitations contained therein. In other words, the Court did not make any determination as to whether specific CORs fell within the scope of the Takeover Agreement.

The Sureties' understanding that this Court "defined the remedial or corrective work required under the Takeover Agreement to consist of the NCWN Log and the five specific items of corrective work listed within the Exhibit A, under the heading 'Requirements for Remedial Work[,]'" is incorrect. *See* DE 220 at 1 n. 1. Rather, in addressing its finding that "*by its express terms*, the Takeover Agreement limits the scope of the work to that which is specifically defined in it[,]" the Court also provided examples of such provisions. *See* DE 202 at 24 (emphasis added). In the context of this discussion, the Court stated that the parties' inclusion of "specific items of corrective work and the NCWN Log, Exhibit A demonstrates the Takeover Agreement's limitation in scope." *Id*. Here, again, the Court acknowledged that there exists some limitation on the Agreement's scope, but the Court did not make any determination with respect to whether the CORs at issue fell within such scope.

In the Summary Judgment Decision, this Court also found that "the terms of the Takeover Agreement demonstrate the parties' understanding that it was possible that additional work -- outside the defined scope of the agreement -- would be performed on the Project." DE 202 at 27. However, this statement does not reflect a determination as to the definition of the scope of the Takeover Agreement. Rather, the Court found that certain provisions reflected that the parties *contemplated* that *it was possible* that work outside the scope of the Takeover Agreement -- for which the Sureties would be paid an amount on top of the Contract Sum -- would be performed. No determination was made regarding whether any of the CORs at issue constituted such work.

Moreover, the Sureties are correct that, "[u]nder the law of the case doctrine, the Court's holding as to the scope of the work is binding on the parties." DE 220 at 2. However, contrary

to the Sureties' assertion, the Court did not make any determination as to the parameters of the Takeover Agreement's scope. Rather, as to scope, the Court found as follows:

> [B]ased upon the current record, Payton Lane has not met its burden to show that the work set forth in the five CORs was within the scope of the Takeover Agreement. The Court concludes that there are genuine issues of material fact whether the work performed pursuant to the CORs was within the scope of the Takeover Agreement. Thus, the Court turns to an analysis of whether the procedure for submitting the CORs is governed by Article 4 or Article 7 of the General Conditions of the IDI Contract.

DE 202 at 27. With respect to the applicability of Article 4 of the IDI Contract, the Court stated:

> [T]he Court finds that Payton Lane has not met its burden to show that the five CORs at issue here are "Claims." Based upon the current record, there are genuine issues of material fact whether the CORs constitute Claims and whether the procedure for submitting and determining such Claims is governed by Article 4 of the IDI Contract.

*Id*. at 31. Then, the Court found that there existed genuine issues of material fact, based upon the following:

> When the evidence and all factual inferences arising from that evidence are viewed in the light most favorable to Plaintiffs, the record before this Court -- including the briefs, affidavits, exhibits, deposition testimony and oral arguments -- supports a finding that Payton Lane has not met its burden to show Plaintiffs' purported obligation to provide written notice of the work set forth in the CORs within 21 days of discovery of such conditions, or Plaintiffs' alleged failure to do so. Thus, Payton Lane's assertions, that Plaintiffs were required to adhere to the 21-day notice provision or that as a result of such failure to provide notice, Plaintiffs' claims for damages under CORs 8, 11, 14, 19 and 27 should be dismissed, must await trial.

*Id.* at 34. Finally, in determining that Payton Lane's motion for summary judgment should be denied, the Court concluded that

> there exist genuine issues of material fact as to (1) whether the work performed pursuant to the five CORs at issue here fell within the scope of the Takeover Agreement, and (2) whether the process for submitting such CORs is properly governed by Article 4 or Article 7

of the General Conditions of the IDI Contract.

*Id.* at 35. Thus, the Court's ultimate holding was narrow and specific to Payton Lane's arguments on summary judgment. No finding was made as to the precise scope of the Takeover Agreement, and thus there can be no preclusive effect on the evidence to be presented at trial.

For the reasons set forth above, Plaintiffs' motion *in limine* is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
February 22, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge