UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY and AMERICAN
MOTORISTS INSURANCE COMPANY,

                      Plaintiffs,

      - against -                                              ORDER
                                                                              CV 05-5155 (AKT)

PAYTON LANE NURSING HOME, INC.,
PERKINS EASTMAN ARCHITECTS, P.C. and
LINCOLN GENERAL INSURANCE COMPANY,

                      Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Payton Lane's counsel has submitted a letter application seeking oral argument prior to trial on its *in limine* motion to preclude introduction of evidence that payments to Howell were not on account of Plaintiffs' construction completion obligations. *See* DE 240. That motion was joined in by Defendant Lincoln General Insurance Company. *See* DE 223. The motion *in limine* referenced in counsel's application has already been denied. *See* DE 255. By electronic Order dated February 22, 2010, the motion for oral argument was denied with a notation that this explanatory Order would follow. *See* DE 256.

Aside from the fact that on the merits, Defendant Payton Lane did not meet its burden of establishing a judicial estoppel as set forth in its papers, the Court also notes the following:

1.     All counsel were informed that the Court would not accept reply papers on any motions *in limine* that were filed.

2.     Attorney Stark states in his Affirmation in support of the motion *in limine* that "[a] recent search of the New York County file in the IDI case has revealed that on April 4, 2006, Justice Helen E. Friedman of the Supreme Court of the State of New York, County of New York, granted summary judgment to plaintiffs against

defendant Theodore Kohl" and further asserts that one of the papers upon which Justice Friedman granted the motion was an affidavit of Steven Beatty, who is now Chief Surety Counsel for Plaintiffs in the instant action and who is expected to be one of the first witnesses at trial in this action. What Attorney Stark omits from his Affirmation is any explanation as to why this information was not presented to the Court on the original motion for partial summary judgment. In addition, no explanation is provided concerning why this information was not brought to light during the more than four years since the instant case was filed.

3. Likewise, Justice Friedman's decision was rendered nearly four years ago in a case where the same Plaintiffs here, namely, the Sureties involved in the Project to construct the Payton Lane Nursing Home, sued the original construction company, IDI.

4. Clearly, Payton Lane's counsel was aware of that action. In fact, Payton Lane was a third-party defendant in the IDI action since one of the indemnitors sued Payton Lane. Moreover, the filings in the IDI action show clearly that Attorney Stark represented Payton Lane in that litigation. See Affirmation in Support of Third-party Defendant's Cross-Motion for Summary Judgment, annexed as Exhibit 3 to Rittmaster Affidavit in Opposition to Payton Lane's Motion *In Limine*. A modicum of due diligence on Payton Lane's part would have resulted in this issue being raised at an appropriate time during this litigation, rather than "the recent search" referenced in Item No. 2 above, of which Payton Lane has long been on notice in any event.

5. Multiple Case Management and Scheduling Orders were issued in this case. The deadline for fact discovery was extended six times. This case was actually scheduled for trial last summer before a different judge. In all of that time, Payton Lane never attempted to move to amend its Answer or to re-open discovery with regard to an asserted defense of judicial estoppel based upon a four-year-old state court decision of which it was well aware. The deadline to amend pleadings expired in the Fall of 2008.

6. The issue now raised by Payton Lane was not addressed at oral argument on the summary judgment motions. Over the months that the summary judgment motions were pending, Payton Lane never approached the Court to seek leave to supplement its summary judgment motion papers; instead, this motion *in limine* was filed seven days before the February 16, 2010 scheduled trial date which was moved to February 23, 2010 at the request of the parties.

7. Payton Lane has not even addressed the substantial prejudice to Plaintiffs that such relief would effect on the eve of trial.

8. What Payton Lane seeks to do here by way of its motion *in limine* amounts to an eleventh hour attempt at a second motion for summary judgment, having been denied partial summary judgment on January 11, 2010.

The letter application for oral argument is denied as the Court finds oral argument unnecessary in these circumstances. Further, the Court declines to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**SO ORDERED.**

Dated: Central Islip, New York
February 23, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge