**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY and AMERICAN
MOTORISTS INSURANCE COMPANY,

                Plaintiffs,

        - against -

PAYTON LANE NURSING HOME, INC.,
PERKINS EASTMAN ARCHITECTS, P.C., and
LINCOLN GENERAL INSURANCE COMPANY,

                Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 05-5155 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     PRELIMINARY STATEMENT

Defendant Payton Lane Nursing Home, Inc. ("Payton Lane") moves [DE 265], pursuant to Local Civil Rule 6.3, for reconsideration of this Court's February 22, 2010 Order [DE 255] (the "February 22 Order") denying Defendant's *in limine* motion to exclude certain evidence on judicial estoppel grounds. Plaintiffs American Manufacturers Mutual Insurance Company and American Motorists Insurance Company ("Plaintiffs" or "Sureties") oppose [DE 217] the motion. Based upon my review of the parties' submissions, Payton Lane's oral reply on the record during trial on March 9, 2010, and the applicable law, I find that Payton Lane has not made the requisite showing that this Court overlooked controlling decisions or factual matters raised in the underlying motion which would warrant reconsideration of the February 22, 2010 Order. For the reasons set forth below, the motion for reconsideration is GRANTED, and I am adhering to my original decision.

**II.** **STANDARD OF REVIEW**

Motions for reconsideration under Rule 59(e) are governed by Local Rule 6.3, which requires the moving party to "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." E.D.N.Y. Local R. Civ. P. 6.3; *Myers v. Okada*, No. 08-CV-1635, 2008 WL 4724579, at *1 (E.D.N.Y. Oct. 23, 2008). A motion for reconsideration is within the sound discretion of the district court. *See Rates Tech. Inc.*, *v. Mediatrix Telecom, Inc.*, CV 05-2755, 2007 WL 2581776, at *1 (E.D.N.Y. Sept. 5, 2007) (citing, *inter alia, Bueno v. Gill*, 237 F. Supp. 2d 447, 449 (S.D.N.Y. 2002)).

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that the lower court's reconsideration of a summary judgment motion was not an abuse of discretion because the moving party presented "data the court had not previously considered," such as extensive legislative history on the relevant statute and new case law); *see also Bell Sports, Inc. v. Sys. Software Assocs., Inc.*, 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. This heightened burden is imposed "to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991); see also *Equal Employment Opportunity Comm'n v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding

that a motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). The scope of a motion for reconsideration, therefore, is extremely narrow and is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *In re Health Mgmt Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

III.    DISCUSSION

A.    **Timing of Payton Lane's Request for Relief**

Payton Lane's motion *in limine* – upon which this motion for reconsideration is based – was, in effect, an application to reopen discovery to assert a new defense of judicial estoppel. The Court addressed the timing of this very belated defense to a degree in its February 23, 2010 Order [DE 262]. Although the Court appreciates the apology proffered by counsel for Payton Lane for bringing the application so late in the game here, Payton Lane has still not adequately addressed the reasons for its failure to bring the request for relief until the eve of trial.

A review of the record of this action shows that (1) Davis Polk & Wardell never raised the defense of judicial estoppel in Payton Lane's original motion to dismiss the Complaint [DE 3]; (2) Payton Lane's counsel did not raise the defense of judicial estoppel in its Answer, with Counterclaims and Cross-Claim, which it filed on April 9, 2007, well after the Sureties' action against the indemnitors in New York State Supreme Court was concluded [DE 27]; rather, Payton Lane asserted only general defenses of laches, estoppel, waiver and ratification; (3) in the initial Case Management and Scheduling Order, the deadline to amend pleadings was set at October 19, 2007 [DE 32]; (4) in its Answer to the Amended Complaint filed on November 14, 2007, Payton Lane again did not raise the defense of judicial estoppel and asserted only the

3

general defenses noted previously[1] [DE 58]; (5) at the July 7, 2008 status conference, for one of

six times in this case, I amended the schedule and directed that all paper discovery be completed

by August 8, 2008 and all depositions within 90 days thereafter [DE 86]; a Second Amended

Case Management Order dated August 25, 2008, set the discovery deadline at February 13, 2009

[DE 94]; a Third Amended Case Management and Scheduling Order set the discovery deadline at

March 16, 2009 [DE 106]; the parties were granted an extension of time to file their expert

reports and to serve the opening briefs in their summary judgment motions (see Electronic Order

of April 14, 2009); (6) summary judgment motions were fully briefed as of June 24, 2009; one

set of motion papers was referred to me by Judge Feuerstein (April 23, 2009 Electronic Order);

all three summary judgment motions were denied after substantial briefing.  For all of the

extensions granted, extensive discovery motion practice, and summary judgment motion

submissions, not once did Payton Lane raise the defense of judicial estoppel.  It was not until the

submission of Payton Lane's Trial Memorandum [DE 206] and motion *in limine* {DE 218} that

the defense was raised for the first time, on the eve of trial.

Under Federal Rule 8(c), parties are required to raise affirmative defenses, such as

estoppel, in the pleadings.  It is a generally accepted principle that a party's failure to plead such

affirmative defenses results in the waiver of those defenses.  5 Charles Alan Wright & Arthur R.

Miller FEDERAL PRACTICE & PROCEDURE § 1278 (cases collected); *see also Arizona v.

California*, 530 U.S. 392, 294 (2000) ("*res judicata* is an affirmative defense ordinarily lost if not

timely raised").  In dealing with the issue of late assertion of an affirmative defense, the Second

---

[1]     Payton Lane did raise an affirmative defense of unjust enrichment and I have
advised the parties that such defense is viable and that the Court will permit evidence of the same
to be introduced at trial.

Circuit reversed a district court's decision to grant a defendant leave to amend its answer to assert a claim for *res judicata* because the defendant failed to establish good cause for the two-year and nine month delay in asserting the defense and the amendment at such a late date prejudiced the plaintiff. *See Evans v. Syracuse City Sch. Dist*., 704 F.2d 44, 46-48 (2d Cir. 1983); see also, *In re Cross Media Marketing Corp*., 367 B.R. 435, 445 (S.D.N.Y. Bktcy. Ct. 2007) (denying defendants' attempt to assert judicial estoppel affirmative defense days before trial where the defense was available at the pleading stage). A general equitable defense stating that principles of waiver, estoppel, laches and equity is insufficient to preserve an enumerated affirmative defense under Rule 8(c). *See Saks v. Franklin Covey Co*., 316 F.3d 337, 350 (2d Cir. 2003) (a general defense for failure to state a claim under Rule 12(b)(6) is insufficient to preserve an enumerated affirmative defense under Rule 8(c) because one of the purposes of the rule is to "place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice"). Therefore, Payton Lane's assertion of a general estoppel defense in its Answer is insufficient. The affirmative defense of judicial estoppel which Payton Lane seeks to raise here was clearly available to Payton Lane over the course of more than four years since this litigation was commenced.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Durakovic v. Bldg. Serv. 32B-J Pension Fund*, 642 F. Supp. 2d 146, 155 (E.D.N.Y. 2009); *see also Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a

"fully adequate opportunity for discovery").  Courts apply the following six-part test to analyze a

request to reopen discovery:

> (1) whether trial is imminent; (2) whether the request is opposed;
> (3) whether the non-moving party would be prejudiced;
> (4) whether the moving party was diligent in obtaining discovery
> within the guidelines established by the court; (5) the foreseeability
> of the need for additional discovery in light of the time allowed for
> discovery by the district court; and (6) the likelihood that the
> discovery will lead to relevant evidence.

*Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776, 2008 WL 4415263, at *3

(E.D.N.Y. Sept. 24, 2008) (citations omitted).

Regarding the first factor -- whether trial is imminent -- Payton Lane filed its *in limine*

motion on February 9, 2010.  This date was initially seven days before the scheduled trial and

ultimately 14 days before the adjourned trial date granted at the parties' request.  Trial was

certainly imminent when the application was filed and this first factor weighs against Payton

Lane.  The second factor -- whether the request is opposed -- likewise weighs against Payton

Lane, as the Sureties vigorously oppose the application on many of the same grounds as

discussed here.

The third, fourth and fifth factors -- whether the Sureties would be prejudiced, whether

the moving party was diligent in obtaining discovery within the guidelines established by the

court, and the foreseeability of the need for this additional discovery -- strongly weigh against

Payton Lane.  In response to this Court's questioning why Payton Lane was first raising these

issues on the eve of trial, Payton Lane states that it was

> no longer involved in the IDI case when plaintiffs moved for
> summary judgment and did not receive copies of their motion papers
> [citation omitted].  We recently found them in the County Clerk's

> office only because we were trying to ascertain how much money
> plaintiffs had already recovered from their indemnitors.

Def.'s Mem. at 1. However, Payton Lane was, at one time, a party to the IDI action, and was

therefore on notice of the Sureties' claims against IDI. Notwithstanding that fact, Payton Lane

did not raise the instant issue in its Motion to Dismiss or in the Answer to the Amended

Complaint. No request to amend was made during the lengthy discovery period. Nor did Payton

Lane raise this issue on summary judgment.

Moreover, the Sureties state that they produced the Beatty Affidavit to Payton Lane

multiple times during discovery and, in response to an interrogatory served by Payton Lane, the

Sureties "set forth in detail the amounts actually received by the Sureties from their indemnitors

(the prior interrogatory response advised of the amount expected from Swig pursuant to the

Sureties' settlement with him)." Pls.' Mem. at 8 n. 4. It is therefore reasonable to conclude that

the alleged need for the information at issue here was foreseeable as early as the date this action

was filed or in the short term thereafter and Payton Lane was not diligent in seeking such

information. On this basis alone, the Court finds that Payton Lane has not shown good cause to

reopen discovery. *See Durakovic*, 642 F. Supp. 2d at 155 (denying motion to reopen discovery

where moving party "offers no reason why she could not have engaged in the discovery she now

seeks before the close of discovery"); *Gotlin v. Lederman*, 04-CV-3736, 2009 WL 2843380, at*6

(E.D.N.Y. Sept. 1, 2009) ("[A]bsent a sufficient justification for the movant's delay, the Court

should decline to grant an application to reopen discovery.") (citation omitted); *Goss v. Long

Island R.R.*, No. 94 CV 4927, 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) (denying motion

to reopen discovery and noting that defendant "offers no explanation" as to the tardiness of its

request). In addition, allowing Payton Lane to obtain the requested information would be highly prejudicial to the Sureties – an issue which Payton Lane does not even discuss. In light of the fact that Payton Lane had more than four years to raise this issue, it would be extremely unfair to the Sureties to require them to address such issue, including gathering the relevant documents and witnesses, while in the midst of trial. Accordingly, the third, fourth and fifth factors weigh heavily against Payton Lane.

The final factor -- the likelihood that the discovery will lead to relevant evidence -- insofar as Payton Lane seeks information regarding the IDI action to show that the Sureties are judicially estopped from asserting their claims against Payton Lane in the instant action, this Court has already ruled that judicial estoppel does not apply under the circumstances presented here. Beyond their judicial estoppel claim, Payton Lane has made no showing that it will obtain relevant evidence -- which it does not already have -- as a result of obtaining information about the IDI action. Thus, this factor weighs against Payton Lane.

In sum, all six factors weigh against Payton Lane. The Court finds that Payton Lane has waived the defense of judicial estoppel and discovery should not be reopened to allow the inclusion of this affirmative defense.

### B. Payton Lane Has Not Provided Any Fact, Case Or Statute Which Was Overlooked by the Court

Even if the Court had permitted a late amendment of the pleadings, Payton Lane's position here is still problematic. In support of its motion for reconsideration, Payton Lane contends that in applying the doctrine of judicial estoppel, the Court is required "to look at the claim that was successfully presented to the former tribunal, not what could have been

presented." Def.'s Mem. [DE 265] at 2; *see also* Trial Tr. at 1472.[2]  According to Payton Lane's

counsel, this purported "omission" by the Sureties is the "fact" that the Court overlooked in

determining the motion *in limine*.  The Court disagrees.  Payton Lane asserts that in the prior IDI

case, the Sureties took the position that they "had a made a good faith determination that their

expenditures were obligated under the performance bond[,]" and that IDI was liable for such

sums.[3]  *Id*. at 3.  In the instant litigation, according to Payton Lane, the Sureties are suing Payton

Lane for amounts paid to the completion contractor, E.W. Howell, and are therefore taking the

position that IDI was not liable for such payments.  *Id*.  Thus, Payton Lane maintains, the

Sureties should be estopped from asserting what Payton Lane contends is a contrary position in

the instant litigation.  *Id*.

In opposition, the Sureties argue this Court correctly determined that in pursuing their

indemnification claims against IDI under the GIA, Plaintiffs did not make any representation

regarding their right to payment from Payton Lane pursuant to the Takeover Agreement.  Pls.'

Mem. [DE 272] at 3-4.  The Sureties also point out that Payton Lane has not cited any authority

holding

> that a surety's entry of judgment against an indemnitor was
> inconsistent with the surety's reservation of its right to seek payment
> from a project owner or other bond obligee – much less any authority

---

[2]     Because the parties are currently trying this case, Payton Lane's counsel requested
that he be permitted to present Payton Lane's "reply" orally during trial on March 9, 2010, and
that application was granted.  Counsel's argument can be found in the transcript of the March 9,
2010 trial at 1472 - 1475 ("Trial Tr.").

[3]     The "expenditures" to which Payton Lane refers are the sums the Sureties paid to
Howell for work performed on the project following execution of the Takeover Agreement -- *i.e.*,
when the Sureties stepped in for the original contractor, IDI, to complete the project after IDI's
services had been terminated.

> for the proposition that entry of such judgment operated as a waiver
> or estoppel of the surety's rights against such project owner or other
> bond obligee. . . .

*Id*. at 5-6.

In moving for reconsideration, Payton Lane has likewise not provided any case or statute

which this Court overlooked in denying its *in limine* motion. It is well established that in order

for the doctrine of judicial estoppel to be applicable, "[t]here must be a true inconsistency

between the statements in the two proceedings. If the statements can be reconciled there is no

occasion to apply an estoppel." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000)

(quotation marks and citation omitted). In the February 22 Order, I found that in the IDI action,

the Sureties took the position that they were entitled to indemnification for their "Losses" under

the terms of the GIA, whereas in the instant case, the Sureties assert they are entitled to payment

from Payton Lane for work performed on the project pursuant to the terms of the Takeover

Agreement. Feb. 2 Order at 7-8. Thus, the Sureties' positions in the two actions involved

different theories of recovery under different contracts with different parties, and arose out of the

two different roles the Sureties have played on the project. The only similarity is that both

instances pertain to money that the Sureties had already paid to Howell, but that alone does not

mean that the Sureties have taken inconsistent positions in the two litigations. To the extent

Payton Lane believes otherwise, the Court simply disagrees. Thus, in the February 2 Order,

following a thorough discussion of the IDI case, the terms of the GIA, and applicable case law, I

found as follows:

> In connection with their indemnification claims, the Sureties did not
> take a position as to Payton Lane's liability for the money paid to
> Howell. Thus in pursuing their indemnification claims against IDI,

10

the Sureties did not make *any* representation with regard to its right
to recovery from Payton Lane.

Feb. 22, 2010 Order at 9. On that basis, I concluded that the doctrine of judicial estoppel was

inapplicable to the circumstances presented.

In its oral reply, Payton Lane asserts that in the IDI action, the Sureties "could have

argued that under the general indemnity agreement, the indemnitors were liable even though the

Sureties were not responsible for making these payments under the performance bond." Trial Tr.

at 1472. Payton Lane appears to be arguing that the Sureties can only assert their claims against

Payton Lane in the instant action if they had a made a showing in the IDI case regarding Payton

Lane's liability (or, at least, that the Sureties were not liable for such payments). However, this

point was addressed in the IDI case and again in the February 22 Order. Under the terms of the

GIA and the applicable law, "the Sureties in the IDI action were entitled to indemnification from

IDI regardless of whether IDI was actually liable for the underlying payments, so long as the

court found that the Sureties acted in good faith in making such payments." Feb. 22 Order at 9.

In other words, the issue of Payton Lane's liability was irrelevant in the context of the IDI action,

and the Sureties were not required to make a showing of Payton Lane's liability in that case in

order to preserve their claims for the instant action. Moreover, "[j]udicial estoppel is designed to

prevent a party who plays fast and loose with the courts from gaining unfair advantage through

the deliberate adoption of inconsistent positions in successive suits." *Wight*, 219 F.3d at 90

(citing *Bates v. Long Island R.R.*, 997 F.2d 1028, 1037-38 (2d Cir. 1993)). In light of the fact

that the Sureties have not taken any inconsistent position, and that they disclosed their claims

against Payton Lane in the IDI action and Payton Lane has been on notice of the IDI action, it

cannot be said that the Sureties have "played fast and loose with the courts."

11

Payton Lane further contends that the Sureties' position in the IDI case -- "that the money

paid to Howell was on account of the obligations for which the Sureties were not entitled to

payment from Payton Lane" -- constitutes a prior inconsistent statement as a result of which the

Sureties are estopped from asserting their current claims against Payton Lane.  Trial Tr. at 1472-

73.  The Court understands Payton Lane's argument to be that the Sureties, in the IDI case,

omitted that they were pursuing claims against Payton Lane in a separate action and by so doing,

the Sureties actually took the position that Payton Lane was not liable for the payments to

Howell.  Trial Tr. at 1472-73.[4]

The Court does not accept Payton Lane's argument here for two reasons.  First, as

discussed in the February 22 Order, the Sureties did in fact make clear that they were pursuing

claims against Payton Lane in federal court.  *See* Feb. 2 Order at 11.[5]  Second, as previously

---

[4]         In its memorandum, Payton Lane makes the converse argument, asserting that
"Plaintiffs have found no cases holding that sureties can succeed in one proceeding against their
indemnitors claiming a good faith belief that their principal is liable for the sums in issue and
then succeed in another proceeding by claiming that their principal was <u>not</u> liable for the sums in
issue." Def.'s Mem. at 3 (emphasis in original).  Here Payton Lane mischaracterizes the
Sureties' respective positions in the two cases.  Moreover, Payton Lane, as the moving party (on
both the motion in limine and on reconsideration) bears the burden of proving that the doctrine of
judicial estoppel should apply, and so it is Payton Lane, not Plaintiffs, who are required to find
cases which support this point.

[5]         Payton Lane states that "[t]he Anastasio and Meisel reply affidavits are, to the best
of our understanding, the only instances in which plaintiffs referred to the Payton Lane action in
the IDI case. <u>Mirabile</u> <u>dictu</u>, when plaintiffs presented the final judgment to Justice Freedman
for signature - a judgment including all the sums sought in the present action against Payton Lane
- they omitted any reference to the Meisel and Anastasio reply affidavits [citation omitted]."
Def.'s Mem. at 4-5, n.2.  As Payton Lane maintains, it was not a party to the IDI action at the
time the judgment was entered.  Accordingly, the Court has no basis upon which to accept
Payton Lane's "understanding" as to whether the Sureties disclosed their current claims against
Payton Lane in the IDI action.  Based upon the information presented, I adhere to my original
finding that the Sureties had disclosed their claims against Payton Lane.  *See* Feb. 22 Order at 9
n. 4.  Moreover, the Court agrees with the Sureties that they were not obligated to include in the

12

discussed, under the terms of the GIA, the Sureties' right to indemnification from IDI was

independent of any obligation by Payton Lane to pay for work performed on the project pursuant

to the Takeover Agreement.[6]  *See id.* at 10.  Thus, it would not be reasonable to conclude that in

the IDI action the Sureties took any position with respect to Payton Lane's obligations under the

Takeover Agreement.[7]

      Judicial estoppel is a doctrine which the courts must apply with caution.  "The

'determinative factor' in the application of judicial estoppel is whether the party who is alleged to

be estopped 'intentionally misled the court to gain an unfair advantage.'" *John S. Clark v.*

*Faggert & Frieden*, P.C., 65 F.3d 26, 29 (4th Cir. 1995) (quoting *Tenneco Chemicals v. William*

*Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982)).  The Court finds that Payton Lane has not

---

final judgment any reference to Anastasio and Meisel affidavits.  *See* Pls.' Mem. at 5.

[6]     The Court also notes that in support of its argument, Payton Lane is relying upon the cross-examination of Stephen Beatty which took place on the first day of trial.  Payton Lane's reliance on the trial testimony of Beatty and the inclusion of the trial transcript is inappropriate. Beatty's testimony took place after the motion *in limine* was filed.  Thus, the Court cannot be said to have "overlooked" such testimony in deciding the motion.

[7]     Payton Lane also asserts that during the IDI action, the Sureties "stated they were wiling to have their judgment in the IDI action reduced by the amount sought in the action. Those concessions were stated in the reply affidavits of Richard Anastasio and Michael Meisel. Remarkably, however, when plaintiffs submitted a final judgment for execution, they made no reference to those affidavits and did not reduce their claim."  Def.'s Mem. at 4.  Whether the Sureties had in fact made such an offer had no bearing on their entitlement the full amount of indemnity in the IDI case or their right to assert claims against Payton Lane in this case. Moreover, even if Payton Lane were to argue that such offer constitutes a position inconsistent with the Sureties' position in the instant litigation, such offer was not ruled on by the court and therefore does not provide grounds for the application of judicial estoppel.  *See Wight*, 219 F.3d at 90-91 (declining to apply judicial estoppel where, in the previous action, the party had raised the allegedly inconsistent position, but such position was not "adopted by the court in some manner").

introduced any evidence to meet this test and the Sureties have sufficiently explained their

positions in the respective cases.

Payton Lane has not provided this Court with any fact, case or statute which was

overlooked, and I find that Payton Lane has simply not met the heightened burden required on a

motion for reconsideration.  Accordingly, I adhere to my original conclusion.

**IV.  CONCLUSION**

For the foregoing reasons, Payton Lane's motion for reconsideration is GRANTED, and I

am adhering to my original decision.


**SO ORDERED.**

Dated:  Central Islip, New York
        March 14, 2010


/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge